UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  CR11-035-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| KEVIN MORAN, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on March 29, 2011. The United States was represented by AUSA Andrew Colasurdo and the defendant by Jennifer Wellman. The proceedings were digitally recorded.

Defendant had been sentenced on or about July 23, 2008 by the Honorable Fred Van Sickle on a charge of Theft of Government Property, and sentenced to a year and a day in custody, three years supervised release. (Dkt. 3 at 6-7.)

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from bidding on or accepting any government contracts for the removal or processing of any timber products, provide his probation officer with access

01 to financial information as requested, be prohibited from transferring any assets without advance
02 permission, not have access to or possess any checking account, ATM card or credit card without
03 permission, make all business records available for inspection, be prohibited from incurring new
04 debt or opening new lines of credit without permission, submit to search, undergo an alcohol
05 evaluation and follow treatment recommendations, abstain from alcohol, not enter into any
06 establishment where alcohol is the primary commodity for sale, and pay restitution.  The case
07 was transferred to this District on February 7, 2011. (Dkt. 3 at 2.)

08       In an application dated March 1, 2011 (Dkt. 4, 5), U.S. Probation Officer Jerrod Akins
09 alleged the following violations of the conditions of supervised release:

10     1.    Failing to truthfully answer the inquiries of the probation officer, in violation of
11 standard condition No. 3.

12     2.    Obtaining a new line of credit without the permission of the probation officer, in
13 violation of the special condition that he not incur any new debt, open additional lines of credit,
14 or enter into any financial contracts, without the advance approval of the supervising probation
15 officer.

16     3.    Failing to make monthly restitution payments, in violation of the special condition
17 that restitution is payable on a monthly basis at a rate of not less than 10 percent of the
18 defendant's net household income.

19       Defendant was advised in full as to those charges and as to his constitutional rights.

20       Defendant admitted the alleged violations and waived any evidentiary hearing as to
21 whether they occurred. (Dkt. 7.)

22       I therefore recommend the Court find defendant violated his  supervised release as

alleged, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Pechman.

Pending a final determination by the Court, defendant has been released on the conditions of supervision.

DATED this 29th day of March, 2011.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

cc:  District Judge:         Honorable Marsha J. Pechman
     AUSA:                   C. Andrew Colasurdo
     Defendant's attorney:   Jennifer Wellman
     Probation officer:      Jerrod Akins

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3